IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| APIARY INDUSTRIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. |
| vs. | ) | |
| | ) | |
| C&M LOGISTICS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Service:      Registered Agent | ) | |
| Joseph E. Rebman, Esq. | ) | |
| 165 N. Meramec, Suite 310 | ) | |
| St. Louis, MO 63105 | ) | |

## COMPLAINT

COMES NOW Plaintiff, Apiary Industries, LLC ("Plaintiff"), by and through counsel, and for its Complaint against Defendant, C&M Logistics, LLC, states as follows:

### PARTIES, VENUE & JURISDICTION

1.      Plaintiff is a limited liability company duly organized and existing under the laws of South Dakota and, at all times relevant herein, its principal place of business is located in the State of Illinois.

2.      Plaintiff is an interstate property broker duly authorized to conduct interstate property broker services under authority conferred by the United States Department of Transportation ("USDOT") and its subagencies, including the Federal Motor Carrier Safety Administration ("FMCSA"), Docket No. MC-704643.

3.    Defendant is a New Jersey limited liability company with its principal place of business located in the State of New Jersey and, at all times relevant herein, its members are residents of the States of New Jersey and New York, respectively.

4.    Defendant is an interstate motor carrier conducting interstate transportation services under interstate operating authority conferred by the USDOT/FMCSA, USDOT #2860706, MC-958415 and, as part of its service offering, Defendant provides interstate and intrastate transportation of cargo by motor vehicle.

5.    This Court has personal jurisdiction over the Defendant pursuant to the Broker-Carrier Agreement (the "BCA") executed by the principal of Defendant under which Defendant consented to the jurisdiction of this Court.  A true and correct copy of the BCA is attached hereto and incorporated by reference herein marked Exhibit #1.

6.    Venue is appropriate in this Court as the parties stipulated and agreed that all legal proceedings seeking to enforce the rights and/or obligations of the parties under the BCA "[s]hall be commenced and litigated in the … United States District Court for the Eastern District of Missouri, Central Division.  See Exhibit #1, Paragraph 8.1.

7.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 (a) as Plaintiff is domiciled in the State of South Dakota and Defendant is domiciled in the State of New Jersey and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### FACTUAL BACKGROUND

8.    On September 16, 2021, Plaintiff entered into the BAC with Defendant under which Plaintiff agreed to arrange for and offer certain shipments to Defendant, and Defendant agreed to accept and transport said shipments for Plaintiff in accordance with the terms of the BCA.  See Exhibit #1.

9.     On October 31, 2021, Plaintiff requested Defendant to transport a shipment from JFK Airport in Jamaica, New York, to the GAP, Inc. location in Fishkill, New York, for an agreed-upon rate (the "Shipment"), and Defendant agreed to transport the Shipment in accordance with Plaintiff's request.  A true and correct copy of the Load Confirmation executed by Defendant is attached hereto and incorporated by reference herein marked Exhibit #2.

10.     On or about October 31, 2021, Defendant arrived at JFK Airport in Jamica, New York, with a truck and accepted possession of the Shipment – consisting of 1138 cartons weighing 10,781 kilogams – for the purpose of transporting the Shipment to the GAP location in Fishkill, New York.

11.     At that time Defendant accepted possession of the Shipment, all cartons were present, and the Shipment was in good condition.

12.     After the Shipment left JFK Airport in Defendant's possession, and before the Shipment could be delivered to the GAP location in Fishkill, New York, Defendant's trailer containing the Shipment was stolen.

13.     Neither the Shipment nor any part of the Shipment was ever delivered to the GAP location in Fishkill, New York, and the contents of the Shipment have never been recovered.

14.     The BAC includes an indemnification provision which states as follows:

Indemnification:  Carrier shall indemnify, defend and hold harmless Broker from and against any and all claims, demands or causes of action asserted against the Broker by Shippers or third parties which in any way arise from or relate to Carrier's breach of its representations or warranties or its performance or failure to perform hereunder, including, but not limited to, claims for loss or damage to goods transported by Carrier … claims for conversion … or any other claims arising from Carrier's performance or failure to perform services hereunder, and for all related costs and reasonable attorney's and expert fees.

See the BCA, Paragraph 5.1.

15.     Soon after the Shipment was stolen, Plaintiff received a claim from its customer demanding payment for the entire value of the Shipment at issue in the amount of $128,690.89.

16.     Thereafter, Plaintiff presented a claim to Defendant to recover the value of the Shipment which had a value of $128,690.89, and Plaintiff requested Defendant to indemnify Plaitiff for the claim asserted by Plaintiff's customer which arose out of Defendant's failure to perform under the BCA.

17.     Defendant failed and/or refused to pay Plaintiff the amount demanded for the loss of the Shipment.

18.     On or about July 8, 2022, Plaintiff paid Plaintiff's customer the sum of $128,690.89.

19.     At all times relevant herein, Plaintiff fully performed its obligations owing to Defendant under the BCA and was, therefore, excused from payment of Defendant's freight charges because the Shipment was a total loss.

## COUNT I

## BREACH OF CONTRACT

20.     Plaintiff hereby restates, adopts and incorporates by reference herein Paragraphs (1) through (19) of Plaintiff's complaint as though set forth fully and completely herein.

21.     Pursuant to the BCA, Defendant agreed:

Except as provided herein, the Carrier's liability for cargo loss and damage shall be governed by the provisions of 49 U.S.C. 14706 (the Carmack Amendment to the Interstate Commerce Act).  It is understood and agreed that Carrier shall be liable for the actual fair market value of any goods lost or damaged while in the Carrier's possession and limitations of liability set forth in the Carrier's tariff shall apply.

See the BCA, Paragraph 4.1.

22.     Defendant has breached Paragraph 4.1 of the BCA by failing to pay the actual fair market value of the Shipment.

23.    Plaintiff has made demand for payment upon Defendant and, to date, payment has been refused.

24.    As a direct and proximate consequence of Defendant's breach of the BCA, Plaintiff has suffered damages in the amount of $128,690.89.

25.    In addition, the BCA provides that in the event Defendant breached the BCA (by failing to perform as required), Plaintiff is entitled to recover its reasonable attorney's fees, expert fees and court costs incurred in seeking to enforce its right and obligations under the BCA. See Paragraph 5.1 of the BCA.

WHEREFORE Plaintiff, Apiary Industries, LLC, respectfully prays that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, C&M Logistics, LLC, in the amount of $128,690.89, together with interest thereon from December 1, 2021, through the present, for Plaintiff's reasonable attorney's fees and court costs incurred herein, and for such further relief as this Court deems just and proper under the circumstances.

## COUNT II

## BREACH OF INDEMNITY AGREEMENT

26.    Plaintiff hereby restates, adopts and incorporates by reference Paragraphs (1) through (25) of Plaintiff's Complaint as though set forth fully and completely herein.

27.    Pursuant to Paragraph 5.1 of the BCA, Defendant is obligated to indemnify, defend and hold harmless Plaintiff from and against the claim that arose out of Defendant's failure to deliver the Shipment.

28.    Defendant has breached Paragraph 5.1 of the BCA by failing to pay Plaintiff the amounts paid by Plaintiff to resolve the claim that arose out of Defendant's failure to deliver the Shipment.

29.     As a direct and proximate result of Defendant's breach of the indemnity agreement, Plaitiff has suffered damages in the amount of $128,690.89, together with accrued interest thereon, and Plaintiff's reasonable attorney's fees, expert fees and court costs incurred herein.

WHEREFORE Plaintiff, Apiary Industries, LLC, respectfully prays that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, C&M Logistics, LLC, in the amount of $128,690.89, together with accrued interest, Plaintiff's reasonable attorney's fees, expert fees and court costs incurred herein, and for such further relief as this Court deems just and proper under the circumstances stated herein.


RBEMAN, LINHARES & BEACHEM
A Professional Corporation

/s/ N. Gregory Beachem
N. Gregory Beachem FBN#43357MO
165 N. Meramec, Suite 310
St. Louis, MO 63105
314-725-1118
314-725-1026 (f)
greg@rlblaw.net